NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BLANKENSHIP, | No. C 09-01794 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| CALIFORNIA DEPT. OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a California inmate incarcerated at San Quentin State Prison ("SQSP"), filed in pro se the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff will be granted leave to proceed in forma pauperis in a separate written order. For the foregoing reasons, the Court will dismiss the complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claims

Plaintiff alleges that Defendant A. Williams issued a performance failure on February 13, 2008, for failing to report to his work assignment.  Plaintiff alleges that Defendant Williams "constantly harassed" him, "although [Defendant] was made aware of [Plaintiff's] medical conditions [sic]," *i.e.*, that Plaintiff had recently undergone major shoulder surgery from which he had not yet fully recovered.  Plaintiff alleges that Defendant Correctional Officer Little also harassed him.  Plaintiff claims that although he was not given physical therapy until months after the surgery, he was assigned kitchen jobs just a month after the surgery.  Plaintiff claims that Defendants' actions violated his Eighth Amendment right against cruel and unusual punishment.  The relief Plaintiff seeks is for "all defendants named to explain all reasons for the violation of [his] Eighth Amendment rights."  (Compl. at 3.)

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.

2

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). A finding that the defendant's activities resulted in "substantial" harm to the prisoner is not necessary, however. Neither a finding that a defendant's actions are egregious nor that they resulted in significant injury to a prisoner is required to establish a violation of the prisoner's federal constitutional rights, McGuckin, 974 F.2d at 1060, 1061 (citing Hudson v. McMillian, 503 U.S. 1, 7-10 (1992) (rejecting "significant injury" requirement and noting that Constitution is violated "whether or not significant injury is evident")), but the existence of serious harm tends to support an inmate's deliberate indifference claims, Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin, 974 at 1060).

Plaintiff's complaint is deficient for several reasons. First of all, Plaintiff has failed to state a claim of deliberate indifference because he has failed to allege the resulting harm, i.e., how he was injured by Defendants' allegedly unlawful actions. See McGuckin, 974 F.2d at 1060. Furthermore, Plaintiff must how that Defendants knew that Plaintiff faced a *substantial risk of serious harm* and disregarded that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. Lastly, Plaintiff's allegation of harassment against Defendant Little is vague and conclusory , lacking specific facts as to

Defendant Little's conduct which resulted in harm to Plaintiff. Plaintiff will be given leave to amend to attempt to cure these deficiencies.

In preparing his amended complaint, Plaintiff should be mindful that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. (citations omitted).

## CONCLUSION

1.  The complaint is DISMISSED with leave to amend within **thirty (30) days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (09-01794 JF (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to Plaintiff.**

2.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a

4

timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/10/09

JEREMY FOGEL
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.09\Blankenship01794_dwlta.wpd

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE BLANKENSHIP,

        Plaintiff,

  v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.
                                        /

Case Number: CV09-01794 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  8/17/09 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lawrence Blankenship
San Quentin State Prison
F51980
San Quentin State Prison
San Quentin, CA 94964

Dated:  8/17/09

                                        Richard W. Wieking, Clerk