IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BLANKENSHIP,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. C 09-1794 LHK (PR)<br><br>ORDER DIRECTING PLAINTIFF TO LOCATE UNSERVED DEFENDANT |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. Presently, before the Court are issues related to the service of process of this complaint.

On August 27, 2010, the Court issued a service order directing the Clerk of the Court to issue summons on Defendants California Department of Corrections and Rehabilitation, Officer A. Williams and Officer Little. On November 2, 2010, summons were returned executed on all Defendants except, Officer Little.

Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved Defendants. *See* Fed. R. Civ. P. 4(m). In cases wherein the Plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. 1915(d). The Court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of

the Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

Because Plaintiff has not served the remaining Defendant, nor has he provided sufficient information to allow the Marshal to locate and serve him, Plaintiff must remedy the situation or face dismissal of his claims against said Defendant without prejudice. *See Walker*, 14 F.3d at 1421-22. Accordingly, Plaintiff must provide the Court with sufficient information regarding Defendant Little's accurate and current location such that the Marshal is able to effect service upon him. **Failure to do so within thirty days of the date this order is filed will result in the dismissal of the claims against Defendant Little**.

IT IS SO ORDERED.

DATED:   12/17/2010

_____
LUCY H. KOH
United States District Judge

Order Directing Plaintiff to Locate Unserved Defendant
P:\PRO-SE\SJ.LHK\CR.09\Blankenship794LocateDefendant.wpd

2