IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BLANKENSHIP, | ) No. C 09-1794 LHK (PR) |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANTS' |
| vs. | ) MOTION TO DISMISS |
| | ) |
| CDCR, et al., | ) (Docket No. 31) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, a former California state prisoner, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at San Quentin State Prison. Defendants have moved to dismiss Plaintiff's amended complaint for failure to exhaust administrative remedies. Although given an opportunity, Plaintiff has not filed an opposition. Having carefully considered the papers submitted, the Court hereby GRANTS Defendants' motion to dismiss.

**DISCUSSION**

A.    <u>Legal Standard</u>

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, Defendants have the burden of raising and proving

the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.[1] *Id.* at 1119-20. If the Court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director"). *See Barry v. Ratelle*, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). *See id.* at 1237-38.

Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 215-17 (2007). As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

B.  Analysis

In his amended complaint, Plaintiff claimed that Defendants were deliberately indifferent to his serious medical needs because, on February 13, 2008, they issued a Rules Violation Report

---

[1] If the Court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the Court must give the prisoner fair notice of his opportunity to develop a record. *Wyatt*, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the August 27, 2010 Order in this matter.

to him for failing to report to work even though they knew that Plaintiff had undergone serious shoulder surgery and was not capable of working.

The prison records show that, in August 2007, Plaintiff filed a grievance requesting that he receive shoulder surgery. (Decl. E. Messick, Ex. B.)  His request was granted at the informal level and first level appeal. (*Id.*, Exs. B and C.)  In January 2008, Plaintiff's second level appeal requested removal of a metal plate which had been placed in his shoulder and was overdue to be removed.  Plaintiff's second level appeal was granted. (*Id.*, Ex. D.)  More than four months later, on April 21, 2008, Plaintiff submitted a Director's level appeal in which he raised the issue of receiving the Rules Violation Report. (*Id.*, Ex. B.)  The Director's level response declined to expand Plaintiff's appeal to include this newly stated claim, and denied the appeal. (*Id.*, Ex. F.)  Thereafter, Plaintiff did not file a separate grievance regarding the Rules Violation Report. (*Id.* at ¶ 6, Ex. G.)

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91 (footnote omitted).  In California state prisons, the deadline for filing an administrative grievance is 15 working days from the date the administrative decision or action being complained of is taken. *See* 15 Cal. Code Regs. § 3084.6(c); *Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) ("*Ngo II*") (finding claims unexhausted where filed more than 15 working days after date of decision had passed).  Defendants submit that Plaintiff did not file an administrative grievance regarding his allegation within 15 days of the issuance of the Rules Violation Report. (Decl. E. Messick at ¶ 6.)  Moreover, Plaintiff's administrative appeal at the Director's level improperly alleged a new claim not previously presented at the first level appeal. (*Id.*, Exs. B, F.) *See* 15 Cal. Code Regs. § 3084.6(b).  Finally, Plaintiff has not asserted that he is subject to any exception to exhaustion. *See, e.g.*, *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (remanding for district court to consider whether plaintiff had the opportunity to file a grievance

1  within 15 days after assault where his injuries and subsequent segregation rendered grievance
2  form inaccessible).
3       Because Plaintiff failed to exhaust his administrative remedies prior to filing suit,
4  Defendants' motion to dismiss is GRANTED.

## CONCLUSION

6       Plaintiff's amended complaint is hereby DISMISSED without prejudice for failure to
7  exhaust administrative remedies. The Clerk shall terminate any remaining motions and close the
8  file.
9       IT IS SO ORDERED.
10 DATED: ___5/24/11_____

                                        LUCY H. KOH
                                        United States District Judge